# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

1.  STEFANIE WIRTZ, )

    )

    Plaintiff, )

    )

    vs. )

    ) Case No. 26-cv-392-JFJ

    )

2.  FC TULSA, INC. d/b/a )
    FC TULSA )

    )

    Defendant. )

    )

## COMPLAINT

Plaintiff Stefanie Wirtz alleges federal causes of action as follows:

### Parties

1.  Plaintiff Stefanie Wirtz is an adult resident of Oklahoma.

2.  Defendant FC Tulsa, Inc., doing business as FC Tulsa, is a business entity conducting business in Tulsa County, Oklahoma, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

### Jurisdiction and Venue

3.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

4. Venue is proper in the Northern District of Oklahoma because the unlawful employment practices occurred within this District.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging sex discrimination and retaliation. On 3-31-26 the EEOC issued a Notice of Right to Sue, and this action is timely filed within ninety days of receipt of that notice [EXH. A]. Plaintiff has exhausted administrative remedies.

### Factual Allegations

6. Plaintiff was employed by Defendant as Public Relations and Communications Manager from until approximately June 2026 until November 11, 2026.

7. During her employment, Plaintiff reported to Candace Brenner.

8. Beginning months before her termination, Plaintiff was subjected to escalating hostility, criticism, intimidation, exclusion, and disparate treatment by Brenner.

9. Plaintiff observed that Brenner treated male employees differently than female employees.

10. Plaintiff and other female employees were frequently criticized, blamed, scrutinized, or publicly reprimanded, while male employees were treated with greater respect, flexibility, and understanding.

11. On numerous occasions Plaintiff was assigned additional responsibilities not assigned to similarly situated male employees and was held to different

standards regarding reporting times, project completion, and departmental responsibilities.

12. On or about November 7, 2025, Brenner publicly criticized Plaintiff regarding responsibilities that ordinarily belonged to a male employee who was absent from work that day.

13. Plaintiff had not been informed she was expected to assume the responsibilities of the absent male employee. Plaintiff believed she was being subjected to different disparate treatment than similarly situated male employees.

14. Other female employees advised Plaintiff they also had experienced or observed similar conduct by Brenner toward female employees.

15. On November 7, 2025, Plaintiff reported Brenner's conduct to Defendant's Chief Business Officer.

16. During that report, Plaintiff described numerous incidents involving Brenner's conduct, including disparate treatment, hostility, exclusion, intimidation, and conduct directed toward female employees. Plaintiff complained female employees were being treated differently than male employees. Her words reasonably inferred unlawful conduct constituted discrimination based on gender.

17. Plaintiff informed management the situation had become so severe it was causing anxiety and interfering with her ability to perform her work.

18. Following Plaintiff's complaint, Defendant failed to take effective corrective action. Instead, Plaintiff's working conditions worsened.

19. Following her complaint, Plaintiff's responsibilities were reduced, she was excluded from communications necessary to perform her duties, she was shunned and not communicated with by supervisors and Brenner increasingly assumed and assigned responsibilities that previously belonged to Plaintiff.

20. While Plaintiff was excluded from communications and projects, Brenner continued communicating and working directly with similarly situated male employees.

21. On or about November 13, 2025, following another hostile interaction witnessed by coworkers, Plaintiff again complained regarding Brenner's conduct. Shortly thereafter, on 11-24-25, Defendant terminated Plaintiff's employment.

22. Prior to her termination, Plaintiff had not received formal disciplinary action, written warnings, performance improvement plans, or negative performance evaluations. Defendant stated Plaintiff was no longer needed and/or asserted performance-related reasons for the termination.

23. Plaintiff alleges that Defendant's stated reasons were false, pretextual, or not the true motivating reasons for the termination decision. The reasons advanced by Defendant for Plaintiff's termination were inconsistent, untrue,

exaggerated, selectively enforced, or not applied to similarly situated male employees.

## FIRST CAUSE OF ACTION
### Gender Discrimination
### (Title VII)

24. Plaintiff incorporates the preceding paragraphs.

25. Plaintiff (female) is a member of a protected class.

26. Defendant subjected Plaintiff to adverse employment actions, including disparate treatment, exclusion, reduction of responsibilities, and termination. Plaintiff was treated less favorably than similarly situated male employees.

27. Defendant's actions were motivated, in whole or in part, by Plaintiff's gender.

28. As a direct result, Plaintiff sustained lost wages, lost benefits, emotional distress, humiliation, and other damages.

## SECOND CAUSE OF ACTION
### Hostile Work Environment
### (Title VII)

29. Plaintiff incorporates the preceding paragraphs.

30. Plaintiff was subjected to repeated criticism, intimidation, public reprimands, exclusion, heightened scrutiny, and other unwelcome conduct as a result of gender discrimination.

31. The conduct was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

32. Defendant knew or should have known of the conduct and failed to take prompt and effective remedial action.

33. Plaintiff suffered damages as a result.

### THIRD CAUSE OF ACTION
**Retaliation**
**(Title VII)**

34. Plaintiff incorporates the preceding paragraphs.

35. Plaintiff engaged in protected activity by complaining to management regarding discriminatory and hostile treatment based on her gender.

36. Defendant was aware of Plaintiff's complaints.

37. Following Plaintiff's complaints, Defendant subjected Plaintiff to materially adverse actions, including exclusion from communications, reduction of responsibilities, worsening treatment, and termination, as constituting unlawful gender discrimination.

38. A causal connection exists between Plaintiff's protected activity and the adverse actions in including the ultimate termination of Plaintiff's employment.

39. Defendant retaliated against Plaintiff for engaging in protected activity protected by Title VII.

## DAMAGES

40. As a result of Defendant's unlawful conduct, Plaintiff has sustained lost wages, lost employment benefits, emotional distress, embarrassment, humiliation, inconvenience, and other compensatory damages.

41. Defendant acted intentionally and with reckless indifference to Plaintiff's federally protected rights. The intentional reckless indifference to the clear Title VII mandate warrants an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant which fully compensated for the following items of damages:

A. Back pay;

B. Front pay or reinstatement;

C. Compensatory damages;

D. Punitive damages as permitted by law;

E. Prejudgment and post-judgment interest;

F. Attorney fees and costs pursuant to applicable law; and

G. Such other and further relief as the Court deems just.

/s/ John Mac Hayes

_____

John Mac Hayes, OBA#15512
1601 S. Victor Ave
Tulsa, OK 74104
(918) 888 0630
JohnMacHayesLaw@aol.com
**ATTORNEY FOR PLAINTIFF**

**Jury Trial Demanded**